MCC OUTDOOR, LLC D/B/A FAIRWAY OUTDOOR ADVERTISING TRIANGLE EAST, PETITIONER APPELLANT v. THE TOWN OF FRANKLINTON BOARD OF COMMISSIONERS, RESPONDENT APPELLEE

No. COA04-444

(Filed 19 April 2005)

**Zoning— billboards—special use permit denied—arbitrary and capricious**

> Two special use permits for billboards were wrongfully denied for failure to be compatible with the neighborhood and failure to conform with state law where petitioner agreed to move the one sign to comply with environmental regulations and neighborhood evidence focusing on whether the other could be seen from certain properties was speculative and irrelevant to compatibility. An applicant producing evidence demonstrating compliance with the ordinance is entitled to the special use permit unless substantial competent evidence is introduced to support denial.

Appeal by petitioner from order entered 18 November 2003 and amended order entered 25 November 2003 by Judge Robert H. Hobgood in Franklin County Superior Court. Heard in the Court of Appeals 31 January 2005.

MCC OUTDOOR, LLC v. TOWN OF FRANKLINTON BD. OF COMM'RS

[169 N.C. App. 809 (2005)]

*Waller, Stroud, Stewart & Araneda, LLP, by Betty Strother Waller, for petitioner appellant.*

*Battle, Winslow, Scott, & Wiley, P.A., by M. Greg Crumpler, for respondent appellee.*

McCULLOUGH, Judge.

Petitioner applied for two special use permits to erect billboards for advertising. The Town's Board of Commissioners voted to deny these applications. A court ordered the Board to make findings of fact to support its decision. The Board held a second public hearing and once again denied the requests for the permits. The trial court affirmed this decision and then amended its order rejecting petitioner's claim that the decisions were arbitrary, capricious, and violated its due process rights. Petitioner appealed to this Court. On appeal petitioner asserts that (1) the trial court erred in its conclusion that petitioner was denied due process, (2) the trial court erred in concluding that respondent's decision is supported by adequate findings of fact, and (3) the trial court erred in concluding that respondent's decisions were not arbitrary and capricious.

Petitioners argue that respondent Board denied its special use permit for two off-site advertising signs (billboards) and that the denial was arbitrary, capricious and unsupported by substantial evidence.

The standard of review for both the trial court and this Court was succinctly stated in *Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 513 S.E.2d 70 (1999), where the Court stated:

When reviewing the decision of such a board, the superior court should: (1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious. Our task, in reviewing a superior court order entered after a review of a board decision is two-fold: (1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review.

*Id.* at 468, 513 S.E.2d at 73 (citations omitted). As the Board's denial was challenged for being arbitrary, capricious and not based on substantial evidence, the reviewing court conducts a "whole record test" to determine whether the Board's findings are supported by substantial evidence. *Id.*

Substantial evidence has been defined as:

" 'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' It 'must do more than create the suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' "

*Refining Co. v. Board of Aldermen*, 284 N.C. 458, 470-71, 202 S.E.2d 129, 137 (1974) (citations omitted).

When a Board action is unsupported by competent substantial evidence, such action must be set aside for it is arbitrary. *Id.* at 468, 202 S.E.2d at 135-36. The issue of whether substantial competent evidence is contained in the record is a conclusion of law and reviewable by this Court *de novo. State ex rel. Long v. ILA Corp.*, 132 N.C. App. 587, 591, 513 S.E.2d 812, 816 (1999).

Thus, when an applicant produces evidence which demonstrates it has complied with the ordinance, the petitioner is entitled to have the permit issued unless substantial competent evidence is introduced to support its denial. *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 625, 265 S.E.2d 379, 382, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

The Zoning Code for the Town of Franklinton contained the following provision at the time of petitioner's application:

## § 154.098 OFF-SITE ADVERTISING SIGNS.

Off-site advertising signs (billboards) shall be permitted only as a special use in the C-3 and IL districts. The conditions in §§ 154.055 through 154.076 of this chapter are not applicable to off-site advertising signs. A special use permit shall be granted providing the following conditions are met:

(A) The property on which the sign is to be located must be adjacent to an interstate or federal aid primary highway.

(B) The sign must be located within 660 feet of the edge of the right-of-way of such highway.

(C) The sign shall comply with all regulations of the North Carolina Department of Transportation and with the North Carolina General Statutes.

(D) No two such structures shall be place[d] less than 500 feet apart. Distance shall be measured as specified in the North Carolina Administrative Code T19A:02E.0200.

(E) The sign will be compatible with the general neighborhood in which it is located and will not have a detrimental effect on adjoining properties.

(Ord. passed 12-2-88) Penalty, see § 154.999

It is uncontested that the signs in the case *sub judice* complied with provisions (A), (B) and (D), and are in an area zoned to allow billboards. The issue before the Board concerned whether the signs violated subparagraphs (C) and (E).

In support of its decision to deny the permits, the Board, sitting as a quasi-judicial body, *Refining Co.*, 284 N.C. at 469, 202 S.E.2d at 136-37, made the following Findings of Fact at their meeting on 17 September 2002:

### Findings of Fact

1. The proposed billboard sign to be placed on property at 4085 US Highway #1, north of Franklinton would be incompatible with the neighborhood because it would be visible from residential areas, specifically 4 different subdivisions enter and exit across the road in both the north and south directions of US #1 at the proposed site.

. . . .

3. The proposed billboard sign to be located at 4085 US #1 Hwy has the great potential to be a safety issue. I have concerns that the sign would detract the attention of drivers away from the highway in front of a business that has a high volume of customers and there being no turn off lane that allows for drivers to slow down before entering the business creates the potential for being an extremely dangerous situation.

4. The proposed billboard sign to be located at 4085 US #1 Hwy is incompatible with the surrounding neighborhood because it is across the street from a church and adjacent to a Head Start DayCare Center and directly south from the new Usher Associations National Headquarters. There is no way of regulating objectionable material from being placed as advertisements on these boards. This sign would be in an area predominantly surrounded by residential single family dwellings and places of learning and worship.

5. The citizens of Franklinton have participated in the special use process and have expressed opposition to the proposed permit.

6. The maintenance of existing Fairway Advertising Signs along the US #1 Corridor is of an inferior quality and is not in keeping with the standards set by the Code of Ordinances which we strive to enforce.

7. There are concerns regarding the sign that is proposed on the property located at 2845 US #1 South. The major concern is that the sign will conflict with the rules established and governed by the Environmental Management Commission of the State of North Carolina. That rule[] states that if there is a stream within 50 feet on the map, there can be no new impervious area introduced into that area without a major variance or a minor variance, depending on which zone, from the state. According to the drawings submitted the pole would be located less than 50 feet from a stream. This is a violation of the law.

8. The proposed sign to be located at 2845 US #1 South raises several safety concerns. The sign would detract driver's attention from the highway and increase the chance of a possible accident in front [of] Steven Hayes' business. There is no turning lane into these establishments. Also, the intersection located directly south of the proposed site is an area of great concern as well. The angle in which traffic has to turn when coming from US #1A and crossing over this intersection places individuals in close proximity to oncoming traffic. Any interference would certainly increase the chance of an accident.

As can be seen from the Findings of Fact, many of the findings have nothing to do with subparagraphs (C) and (E) of the Town Ordinance and cannot be relied on to support the Board's decision.

For example, Finding of Fact No. 6 deals with maintenance of other signs located elsewhere. The Town has an ordinance that addresses this issue in a section which deals with General Sign Regulations and requires any sign permitted within the Town of Franklinton to be maintained in good repair. Town Ordinance § 154.896(E). Likewise, distracting signs are prohibited by § 154-097 and would not be approved by the North Carolina Department of Transportation.

The Board denied petitioner a special use permit to erect a billboard at 4085 US #1, finding that the sign would be "incompatible with the surrounding neighborhood" (Findings of Fact Nos. 1 and 4) and thus a violation of subparagraph (E). The inclusion of a use as a conditional use in a particular zoning district establishes a *prima facie* case that the permitted use is in harmony with the general zoning plan. *Humane Soc'y of Moore Cty., Inc. v. Town of Southern Pines*, 161 N.C. App. 625, 630, 589 S.E.2d 162, 166 (2003); *Vulcan Materials Co. v. Guilford County Bd. of Comrs.*, 115 N.C. App. 319, 324, 444 S.E.2d 639, 643, *disc. review denied*, 337 N.C. 807, 449 S.E.2d 758 (1994). Competent evidence is required to prove that the permitted use is not in harmony with the surrounding area. *Id.*

A review of the evidence presented[1] shows that the witnesses and the Board focused on whether the proposed billboards would be visible from certain properties. None of the witnesses testified as to how a billboard is incompatible with the business located in the zone and on whose property the sign would be located. The uncontradicted testimony, which included photographic evidence, showed several businesses in this commercially zoned area. The photographs showed the businesses each had signs located on their property identifying the business. An active rail line also ran parallel to U.S. #1, which is a four-lane divided highway in the area under consideration.

Testimony that a billboard could be seen from a particular location is simply irrelevant as to whether or not the billboard is incompatible with the neighborhood. Anyone who could see the billboard could also see the commercial businesses (which had signage) as well. The Board just assumed the billboard was incompatible with the neighborhood when in actuality the presumption is that the permitted use is compatible with the zoning scheme. *Humane Soc'y*, 161 N.C. App. at 632, 589 S.E.2d at 167. Thus the evidence failed to overcome

1. All of the evidence appears to be by unsworn statements; however, a party waives any objection to the receipt of such evidence by participating in the hearing. *Craver v. Board of Adjustment*, 267 N.C. 40, 147 S.E.2d 599 (1966).

the presumption and the permit should have been issued as the record does not contain substantial evidence that the proposed billboard is incompatible with the surrounding areas. The evidence was merely an unsubstantiated opinion which is incompetent.[2] *Sun Suites Holdings, LLC v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 533 S.E.2d 525 (speculative assertions or expressions of opinion are insufficient to support the findings of a quasi-judicial body), *disc. review denied, cert. denied*, 353 N.C. 280, 546 S.E.2d 397 (2000). The Board then denied a permit for a billboard proposed for 2845 U.S. #1 on the basis that the billboard as situated would be too close to a stream in violation of N.C. Environmental Management Commission rules. (Finding of Fact No. 7).

Pursuant to Town Ordinance § 154.098(C), billboards must comply with all state laws. During the hearing, petitioner agreed to re-site the billboard a distance of some 7 feet in order to comply with the EMC regulation at issue.

Instead of denying the permit, the Town should have issued the permit subject to a condition that the billboard comply with EMC rules and its location be approved by that agency.

This Court has regularly upheld conditions attached to the issuance of special use permits such as in the case at bar. *See Clark v. City of Asheboro*, 136 N.C. App. 114, 524 S.E.2d 46 (1999).

To summarize, the Town Board, when acting in a quasi-judicial mode, must accord a petitioner due process which includes making decisions which are not arbitrary and capricious but which are supported by substantial competent evidence. Speculative assertions and mere opinion evidence do not constitute competent evidence.

In the case *sub judice* the petitioner produced evidence of its *prima facie* entitlement to the issuance of a special use permit for both billboards. Neither petition was properly denied as the record does not contain competent evidence that the billboard at 4085 US #1 is incompatible with the surrounding neighborhood. The second petition was improperly denied when the petitioner agreed to relocate the billboard to comply with EMC rules regarding stream protection which could have been attached as a condition.

Accordingly, the Town of Franklinton is directed to issue the permits and the ruling of the trial court is

---

2. The *Vulcan Materials* case contains a good example of the type of evidence required to demonstrate that a proposed use is incompatible with the neighborhood.

Reversed.

Chief Judge MARTIN and Judge ELMORE concur.