STEALTH PROPERTIES, LLC v. TOWN OF PINEBLUFF BD. OF ADJUST.

[183 N.C. App. 461 (2007)]

STEALTH PROPERTIES, LLC D/B/A ADVANTAGE PLUS HOUSING, AND CARL GALLIMORE, PETITIONERS-APPELLEES v. TOWN OF PINEBLUFF BOARD OF ADJUSTMENT, RESPONDENT-APPELLANT

No. COA06-705

(Filed 5 June 2007)

**1. Zoning— denial of request for variance—whole record test—substantial competent evidence**

A whole record test revealed that the trial court did not err by concluding that the Board of Adjustment's denial of petitioners' request for a zoning variance was not supported by substantial competent evidence, because: (1) the Board's finding that the Unified Development Ordinance is unambiguous was not supported by substantial competent evidence; and (2) the Board's remaining findings of fact, that the Certificate of Zoning Compliance stated on its face that the setback requirement was twenty-five feet and that petitioner built a house with a setback of approximately sixteen feet, are insufficient to constitute such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

**2. Zoning— denial of request for variance—whole record test—arbitrary and capricious act**

A whole record test revealed that the trial court did not err by concluding that the Board of Adjustment acted arbitrarily and capriciously when it denied petitioners' request for a zoning variance, because: (1) when a Board action is unsupported by competent substantial evidence, such action must be set aside as arbitrary; and (2) the Court of Appeals has already determined that the Board's action was unsupported by competent substantial evidence.

**3. Zoning— variance—error to address ordinance**

The part of the trial court's order stating that the Board of Adjustment's denial of a variance was inconsistent with the Town's Unified Development Ordinance and its finding of fact number 5, are both error because the construction of the Unified Development Ordinance is not properly before the Court of Appeals, nor was it properly before the trial court sitting as an appellate court, when the courts only have the power to determine whether the variance was properly granted or denied.

**4. Zoning— variance—issuance by Board of Adjustment and not by trial court**

The trial court did not have power to actually issue a zoning variance itself, and the proper course for a trial court when sitting in an appellate role is to remand to the Board of Adjustment with instructions to issue the variance in accordance with N.C.G.S. § 160A-388(d).

Appeal by respondent from order entered 27 February 2006 by Judge L. Todd Burke in Moore County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Michael B. Brough, for respondent.*

*Van Camp, Meachem & Newman, PLLC, by Thomas M. Van Camp, for petitioner.*

ELMORE, Judge.

Carl Gallimore (Gallimore) is the owner of Stealth Properties, LLC d/b/a Advantage Plus Housing (Stealth) (together, petitioner). Petitioner bought property in the Town of Pinebluff, intending to build a modular home on the site for resale. Petitioner believed its property to be zoned R-20; the property is actually zoned R-30. This distinction is important, because while the sixteen foot setback proposed by petitioner in its plans met the fifteen foot requirement of an R-20 zone, it did not meet the twenty-five foot requirement of an R-30 zone.

On 7 May 2004, petitioner submitted an "Application for Certificate of Zoning Compliance." On the application, petitioner listed the setbacks as sixteen feet. Stephen Minks (Minks), "who serves as the town's director of public works, planner, zoning administrator, and chief building inspector," did not sign and approve the application. However, Minks did issue a Certificate of Zoning Compliance three days later. The Certificate of Zoning Compliance, as issued, indicates that the property was zoned R-30 and that the setbacks were to be twenty-five feet. There appears to be conflicting evidence on whether petitioner ever read the certificate or was otherwise made aware of these requirements.

After receiving the Certificate of Zoning Compliance, petitioner began building. Over the course of the project, the site was inspected numerous times. At no time was petitioner told to stop construction

or that the project did not comply with the requirements listed in the Certificate of Zoning Compliance. Upon completion of the modular home, however, petitioner was denied its request for a Certificate of Occupancy as a result of its failure to meet the twenty-five foot setback requirement of the R-30 zone.

Petitioner applied to the Pinebluff Board of Adjustment (the Board) for a variance, and on 24 May 2005, the Board held a hearing on the matter. The record is unclear as to exactly what occurred at the hearing; though the hearing should have been recorded, the recorder was incorrectly operated and no recording was made. The minutes of the hearing, while initially included in the record, were deleted at petitioner's request. Accordingly, this Court will not consider the information contained therein. However, it is undisputed that the Board issued an order on 3 June 2005. In its order, the Board found as fact (1) that the Unified Development Ordinance is unambiguous in stating that the property is zoned R-30 and requires twenty-five foot setbacks; (2) that the Certificate of Zoning Compliance stated on its face that the setback requirement was twenty-five feet; (3) that petitioner built a house with a setback of approximately sixteen feet. The Board concluded that it could not "find that the hardship [petitioner] complain[ed] of [was] not the result of [petitioner's] own actions," as required to issue the variance. The Board therefore denied the variance.

Petitioner appealed the Board's decision to the trial court, which on 27 February 2006 issued a judgment overruling the Board's decision. It is from this judgment that the Board now appeals.

[1] The Board first argues that the trial court erred in concluding that the Board's denial of the variance was not supported by substantial competent evidence.

> On appeal from a superior court's review of a municipal zoning board of adjustment, this Court's standard of review is limited to (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly. In our review of a Superior court's order regarding a zoning board of adjustment's decision, the scope of our review is the same as that of the trial court.
>
> The reviewing court applies the "whole record" test when the petitioner alleges that the decision was not supported by substantial evidence or was arbitrary and capricious.

*Harding v. Board of Adjust. of Davie City*, 170 N.C. App. 392, 395, 612 S.E.2d 431, 434-35 (2005) (internal quotations and citations omitted). On the record before this Court, we cannot disagree with the trial court's conclusion that the Board lacked substantial competent evidence on which to base its decision.

> "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." It "must do more than create the suspicion of the existence of the fact to be established . . . It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

*MCC Outdoor, LLC v. Town of Franklinton Bd. of Comm'rs*, 169 N.C. App. 809, 811, 610 S.E.2d 794, 796 (2005) (quoting *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 470-71, 202 S.E.2d 129, 137 (1974)). "The issue of whether substantial competent evidence is contained in the record is a conclusion of law and reviewable by this Court *de novo*." *Id.* (citing *State ex rel. Long v. ILA Corp.*, 132 N.C. App. 587, 591, 513 S.E.2d 812, 816 (1999)).

As noted above, we are without a record of what occurred at the public hearing on this matter. However, the Board's first finding of fact, that the Unified Development Ordinance is unambiguous in stating that the property is zoned R-30 and requires twenty-five foot setbacks, is clearly unsupported by the record. To the contrary, as petitioner asserts, section 181 of the Unified Development Ordinance clearly states that all lots in an R-30 zone must have at least 30,000 square feet. Petitioner's property consists of only 24,844 square feet. According to section 181, this means that petitioner's property should be classified as R-20 for zoning purposes. The construction of the Unified Development Ordinance is not properly before this Court; we therefore decline to issue an opinion regarding the proper classification of the property. However, based on our review, we find it clear that the ordinance's language is, at a minimum, ambiguous. Accordingly, the Board's finding that there is no ambiguity was not based on substantial competent evidence.

Moreover, the Board's remaining findings of fact, that the Certificate of Zoning Compliance stated on its face that the setback requirement was twenty-five feet and that petitioner built a house with a setback of approximately sixteen feet, are insufficient to constitute "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *MCC Outdoor, LLC,* 169 N.C. App. at 811, 610 S.E.2d at 796. Accordingly, the trial court did not err in concluding that the Board's denial of the variance was not supported by substantial competent evidence.

[2] The Board next argues that the trial court erred in concluding that the Board acted arbitrarily and capriciously when it denied the variance. However, this Court has established that "[w]hen a Board action is unsupported by competent substantial evidence, such action must be set aside for it is arbitrary." *Id.* (citing *Refining Co.,* 284 N.C. at 468, 202 S.E.2d at 135-36). As we have already stated that the Board's action was unsupported by competent substantial evidence, this argument is without merit.

[3] The Board also contends that the trial court inappropriately concluded that the Board's denial of the variance was inconsistent with the Unified Development Ordinance. As we stated above, the construction of the Unified Development Ordinance is not properly before this Court, nor was it properly before the trial court.

> The Board only had the authority to grant or deny the variance under the zoning ordinance. The superior court, sitting as an appellate court and acting pursuant to a writ of *certiorari* under N.C. Gen. Stat. § 160A-388(e), only had the power to consider whether the variance was properly granted or denied. Likewise, this Court's review is limited to a determination of whether the variance was properly denied under the existing ordinance.

*321 News & Video, Inc. v. Zoning Bd. of Adjust. of Gastonia,* 174 N.C. App. 186, 190, 619 S.E.2d 885, 888 (2005) (citations omitted). Accordingly, the trial court erred in addressing the ordinance. The trial court's finding of fact No. 5, stating that "[b]ased on the ordinance, the Property should be zoned R-20 with side set back requirements of 15 feet, but the lot is actually zoned R-30," was therefore in error. Likewise, that part of the trial court's order stating that the Board's denial of the variance was "inconsistent with the Town of Pinebluff Unified Development Ordinance" is also in error.

[4] Finally, the Board is correct, and petitioner does not contest, that the trial court had no power to actually issue the variance itself. The proper course for a trial court when sitting in an appellate role is to remand to the Board with instructions to issue the variance in accordance with N.C. Gen. Stat. 160A-388(d).

N.C. ALLIANCE FOR TRANSP. REFORM, INC. v. N.C. DEP'T OF TRANSP.

[183 N.C. App. 466 (2007)]

Accordingly, we hold that the trial court erred in its treatment of the ordinance. Furthermore, we reverse that part of the trial court's order purporting to grant the variance, and remand with instructions for the Board to issue the variance in accordance with this opinion. Nevertheless, because we hold that the Board's denial of petitioner's application for a variance was not supported by substantial competent evidence and was therefore arbitrary and capricious, the trial court's reversal of the Board's denial is affirmed.

Affirmed in part, reversed and remanded in part.

Judges McGEE and BRYANT concur.