AMERICAN TOWERS, INC., Petitioner v. TOWN OF MORRISVILLE, Respondent

No. COA11-1455

(Filed 4 September 2012)

**Zoning—special use permit—telecommunications tower—failure to make prima facie showing—substantial injury to value of adjoining properties**

Respondent Town did not err in a case involving petitioner's application for a special use permit to erect a telecommunications tower by concluding that petitioner did not offer competent, material, and substantial evidence supporting required findings. Although petitioner met its burden to make out a *prima facie* case of two of the three general findings at issue in this case, the Court of Appeals was bound by its decision in *SBA v. City of Asheville City Council*, 141 N.C. App. 19, and held that petitioner failed to make a *prima facie* showing that the proposed use would not substantially injure the value of adjoining properties.

Appeal by petitioner from order entered 19 August 2011 by Judge Henry W. Hight, Jr., in Wake County Superior Court. Heard in the Court of Appeals 25 April 2012.

*Nexsen Pruet, PLLC, by David S. Poleka and Brian T. Pearce, attorneys for petitioner-appellant.*

*Jordan Price Wall Gray Jones & Carlton, PLLC, by R. Frank Gray and Lori P. Jones, attorneys for respondent-appellee.*

STEELMAN, Judge.

In applying for a special use permit to erect a telecommunications tower, petitioner made a *prima facie* showing that the proposed use was in harmony with the neighborhood and that it was in conformity with the comprehensive plan of the town. However, petitioner failed to make a *prima facie* case that the proposed use would not substantially injure the value of adjoining property. The decision of the trial court, which upheld the denial of the special use permit, is affirmed.

I. Factual and Procedural Background

The Kathrine R. Everett Trust owns 12.47 acres of land located at 2399 Weaver Forest Way, in Morrisville. This property is forested and undeveloped land, crossed by various easements, including those for

telephone and power lines. It is bounded on the north by North Carolina Highway 540, a six-to-eight lane divided highway, and on the south and east by single family residential homes. To the west of the property is vacant land. The Trust agreed to lease 0.147 acres of the property to American Towers, Inc. (petitioner), for construction of a telecommunications tower. The parcel adjoins residentially zoned properties. The tower site is about 280 feet from the rear lot line of the closest neighboring residential lot, and about 300 feet from the nearest home.

The Morrisville Zoning Ordinance establishes an industrial management zoning district, described using code IM. Morrisville, N.C., Zoning Ordinance, part B, art. I, § 11 (2012). The tower site is zoned IM. Under the ordinance, IM is the only zoning district in which a telecommunications tower can be constructed, and a special use permit is required before a tower may be built. Morrisville, N.C., Zoning Ordinance, part C, art. IV. Before it may grant a special use permit, the Town of Morrisville (respondent) must make six general findings, and also twenty additional findings particular to telecommunications towers. *Id.* part C, art. VII, §§ 1, 2.10.

On 10 February 2010, petitioner submitted an application for a special use permit. The application contained materials in support of the required findings. Petitioner included an analysis prepared by Craig D. Smith, a real estate appraiser, to address the requirement that the "proposed development or use will not substantially injure the value of adjoining property." Morrisville, N.C., Zoning Ordinance, part C, art. VII, § 1. Smith opined that the tower would not injure adjoining property values. On 9 September 2010, the Morrisville Planning and Zoning Board held a hearing on the application, and thereafter forwarded the permit application to the Town Council, with a recommendation that the permit be approved.

From October to December 2010, the Town Council held a series of four public hearings on the application. The hearings were quasi-judicial in nature. During the course of these hearings, petitioner agreed to reduce the overall height of the tower from 199 feet to 175 feet. Petitioner also indicated a willingness to disguise the tower as another object, such as a fire tower or tree. Petitioner's expert Smith testified at these hearings. Lay witnesses spoke in opposition to the application. No expert testimony was offered as to the impact of the tower upon the values of adjoining properties in opposition to the application, although lay witnesses at the third hearing presented property tax listings as evidence of the value of properties.

On 14 December 2010, the Board denied petitioner's application for a special use permit. It found "[t]hat the applicant did not carry its burden to demonstrate" three of the six general findings required by the Morrisville Zoning Ordinance: (1) that the tower would not substantially injure the value of adjoining property; (2) that the tower would be in harmony with the character of the neighborhood; and (3) that the tower would conform to the town's comprehensive plan. The Town Council found that petitioner had demonstrated the other three requirements. It declined to address nineteen of the twenty additional findings required for a telecommunications tower. However, it concluded that petitioner failed to satisfy additional finding (Q), which states that the Town Council

may consider the aesthetic effects of the tower as well as mitigating factors concerning aesthetics, and may disapprove a tower on the grounds that such aesthetic effects are unacceptable. Factors relevant to aesthetic effects are the protection of the view in sensitive or particularly scenic areas and areas specially designated as unique natural features, scenic roadways and historic sites; the concentration of towers in the proposed area; and whether the height, design, placement or other characteristics of the proposed tower could be modified to have a less intrusive visual impact.

Morrisville, N.C., Zoning Ordinance, part C, art. VII, § 2.10(Q).

On 16 February 2011, petitioner filed a petition for writ of *certiorari*, seeking review of respondent's decision, in the Wake County Superior Court. The Court issued its writ, bringing the record of the proceedings before the Court. On 19 August 2011, the trial court entered an order affirming respondent's decision to deny the permit.

Petitioner appeals.

## II. *Prima Facie* Case

Petitioner contends that respondent erred by concluding that petitioner did not offer competent, material, and substantial evidence supporting three of the required findings. We disagree.

### A. Standard of Review

"When deciding special use permits . . . the city council or planning board shall follow quasi-judicial procedures." N.C. Gen. Stat. § 160A-381(c) (2011). The deciding body

must follow a two-step decision-making process in granting or denying an application for a special use permit. If an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, prima facie he is entitled to it. If a prima facie case is established, [a] denial of the permit [then] should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.

*Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 12, 565 S.E.2d 9, 16 (2002) (citations and quotation marks omitted).

There are two standards of review that may apply to special use permit decisions. Whole record review, a deferential standard, applies where we must determine if a decision was supported by the evidence or if it was arbitrary or capricious. *Id.* at 13, 565 S.E.2d at 17. However, errors of law are reviewed *de novo*. *Id.* Further, "[w]hen the issue before the court is whether the decision-making board erred in interpreting an ordinance, the court shall review that issue *de novo*." N.C. Gen. Stat. § 160A-393(k)(2) (emphasis added).

"[W]hether competent, material and substantial evidence is present in the record is a conclusion of law." *Clark v. City of Asheboro*, 136 N.C. App. 114, 119, 524 S.E.2d 46, 50 (2009) (quotation marks omitted). Thus, we review *de novo* the initial issue of whether the evidence presented by petitioner met the requirement of being competent, material, and substantial. The town's ultimate decision about how to weigh that evidence is subject to whole record review. *See SBA, Inc., v. City of Asheville City Council*, 141 N.C. App. 19, 23–29, 539 S.E.2d 18, 20–24 (2000) (determining, in part I, that petitioner did not present sufficient evidence under *de novo* review; and holding, in part II, that respondent properly weighed the evidence under whole record review).

We must determine whether petitioner presented competent, material, and substantial evidence. If so, then petitioner has made out a *prima facie* case, and the permit must issue unless there was competent, material, and substantial evidence to rebut petitioner's showing. Because "whether competent, material and substantial evidence is present in the record is a conclusion of law," we address both of these issues under *de novo* review. *Clark*, 136 N.C. App. at 119, 524 S.E.2d at 50 (quotation marks omitted).

## B. Analysis

Municipalities derive their zoning power from a grant of authority by the General Assembly. N.C. Gen. Stat. § 160A-381(a). Municipalities may require a special use permit, with "reasonable and appropriate conditions and safeguards," for certain uses. *Id.* § 160A-381(c). "A special permit . . . is one issued for a use which the ordinance expressly permits in a designated zone upon proof that certain facts and conditions detailed in the ordinance exist." *Humble Oil & Ref. Co. v. Bd. of Aldermen*, 284 N.C. 458, 467, 202 S.E.2d 129, 135 (1974).

An applicant for a special use permit must make out a *prima facie* case, by competent, material, and substantial evidence, meeting all the conditions in the zoning ordinance. *Humble Oil*, 284 N.C. at 468, 202 S.E.2d at 136. Material evidence is "[e]vidence having some logical connection with the consequential facts or the issues." *Black's Law Dictionary* 578 (7th ed. 1999). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *SBA*, 141 N.C. App. at 26, 539 S.E.2d at 22 (2000) (citation and quotation marks omitted).

> It must do more than create the suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.

*Humble Oil*, 284 N.C. at 471, 202 S.E.2d at 137 (citations and quotation marks omitted). An applicant who has made a *prima facie* case is entitled to a special use permit, unless there is also competent, material, and substantial evidence in the record to support denial. *Mann Media*, 356 N.C. at 12, 565 S.E.2d at 16.

We must first determine whether petitioner made out a *prima facie* case, and will address each applicable criterion under the ordinance.

### 1. Three Uncontroverted Criteria

A petitioner seeking a special use permit under the Morrisville zoning ordinance must show

> A. That the proposed development or use will not materially endanger the public health or safety;

> B. That the proposed development or use will not substantially injure the value of adjoining property;

C. That the proposed development or use will be in harmony with the scale, bulk, coverage, density, and character of the neighborhood in which it is located;

D. That the proposed development or use will generally conform with the Comprehensive plan and other official plans adopted by the Town;

E. That the proposed development or use is appropriately located with respect to transportation facilities, water and sewer supply, fire and police protection, and similar facilities; and

F. That the proposed use will not cause undue traffic congestion or create a traffic hazard.

Morrisville, N.C., Zoning Ordinance, part C, art. VII, § 1. A petitioner seeking a special use permit for a telecommunications tower must also meet twenty additional requirements. *Id.* § 2.10(A)-(T).

There is no dispute, in the instant case, that petitioner's evidence satisfied items A, E, and F under the ordinance, so we do not specifically address these criteria.

### 2. Harmony with the Neighborhood

"The inclusion of a use as a conditional use in a particular zoning district establishes a *prima facie* case that the permitted use is in harmony with the general zoning plan. Competent evidence is required to prove that the permitted use is not in harmony with the surrounding area." *MCC Outdoor, LLC v. Franklinton Bd. of Comm'rs*, 169 N.C. App. 809, 814, 610 S.E.2d 794, 797 (2005) (citations omitted).

In the instant case, the land in question is zoned IM. The ordinance provides that, if an applicant obtains a special use permit, a telecommunications tower may be constructed in an IM zoning district. Morrisville, N.C., Zoning Ordinance, part C, art. IV. The ordinance itself established a *prima facie* case of harmony with the surrounding neighborhood. *MCC Outdoor*, 169 N.C. App. at 814, 610 S.E.2d at 797.

### 3. Conformity with the Comprehensive Plan

The inclusion of a use in a zoning district, even where a special use permit is required, establishes a *prima facie* case that the use conforms with the comprehensive plan. *Woodhouse v. Bd. of Comm'rs*, 299 N.C. 211, 216, 261 S.E.2d 882, 886 (1980); *see also Vulcan*

*Materials Co. v. Guilford Cty. Bd. of Cty. Comm'rs*, 115 N.C. App. 319, 324, 444 S.E.2d 639, 643 (1994) (holding that the inclusion of a use as a conditional use established a *prima facie* case of "harmony with the general zoning plan," but further holding that there was sufficient evidence to rebut the *prima facie* case).

In the instant case, the ordinance requires that an applicant show that the proposed use will conform with the comprehensive plan. Morrisville, N.C., Zoning Ordinance, part C, art. VII, § 1(D). Respondent contends that the proposed use does not conform with its Land Use Plan, adopted in 2009, because that plan suggests that the subject property may be rezoned to residential in the future. *See* Town of Morrisville, N.C., Land Use Plan 2009-2035 at 24 fig. 5.1 (2009).

However, "[a] comprehensive plan is a policy statement to be implemented by zoning regulations, and it is the latter that have the force of law." *Piney Mt. Neighborhood Assoc. v. Town of Chapel Hill*, 63 N.C. App. 244, 251, 304 S.E.2d 251, 255 (1983) (citations and quotation marks omitted). Because the land use plan "may be changed at any time," *Id.*, there can be no uniform rule, and there is a danger of favoritism. *See Application of Ellis*, 277 N.C. 419, 425, 178 S.E.2d 77, 80 (1970) ("[The ordinance] fails to furnish a uniform rule and leaves the right of property subject to the despotic will of aldermen who may exercise it so as to give exclusive profits or privileges to particular persons.").

In the instant case, the zoning ordinance specifies that, with a special use permit, a tower may be constructed in the IM zoning district. Morrisville, N.C., Zoning Ordinance, part C, art. IV. Petitioner demonstrated that its tower complied with zoning requirements as enacted at the time of its application. Petitioner therefore established a *prima facie* case of conformity with the comprehensive plan. As of the date of respondent's decision, the subject property was still zoned IM, with no indication as to when or if it would ever be rezoned. *See* Morrisville, N.C., Zoning Ordinance, part A, art. 1, § 3 (indicating that the zoning map has not been updated). The land use plan is not an ordinance, but a policy statement that may be changed at any time. Respondent could have rezoned the property in question to conform within its land use plan since the plan has been in effect since 2009.

Respondent's contention, that a telecommunications tower is inconsistent with the land use plan's goal to eventually rezone the area, is without merit.

### 4. Injury to the Value of Adjoining Property

In the instant case, respondent found petitioner's evidence on the issue of whether the proposed telecommunications tower would substantially injure the value of the adjoining property to be deficient in the following four areas:

> 1) the report was not benchmarked against other developments or against the market in general, 2) in the two subdivisions studied by Mr. Smith the cell tower was in place before the neighboring homes were built. (as opposed to the case at hand here), 3) the report did not attempt to study the effect of possible devaluation of property, and 4) the report did not take into account any potential loss of value due to the loss of "curb appeal" with the tower rising above the adjoining residential neighborhood.

Resolution 2010-064 of the Morrisville Town Council Pertaining to the Special Use Permit and Site Plan for American Towers, Inc./AT&T Clegg Telecommunications Tower off Weaver Forest Way (SUP 10-01), 2-3 (2010). Based on these findings, respondent held that petitioner failed to make out a *prima facie* case as to required showing B under the Morrisville Zoning Ordinance.

This Court was faced with a virtually identical fact situation in the case of *SBA v. City of Asheville City Council.* 141 N.C. App. 19, 539 S.E.2d 18 (2000). In *SBA*, one of the bases for rejecting the application for a conditional use permit to erect a telecommunications tower was the failure of petitioner to establish a *prima facie* case that the value of adjoining properties would not be adversely affected. We noted that

> City Code § 7-16-2(c)(3) requires a showing that the value of properties adjoining or abutting the subject property would not be adversely affected by the proposed land use. The City's Staff Report submitted to respondent expressed concern that petitioners' Property Value Impact Study did not address properties in the vicinity of the subject property, but rather focused on towers and properties in other parts of the City. Petitioners' evidence was about other neighborhoods and other towers in the City. Their study did not even include information with respect to an existing cellular tower a short distance from the proposed site that potentially affected the same neighborhoods. Petitioners simply did not meet their burden of demonstrating the absence of harm to property adjoining or abutting the proposed tower as required by § 7-16-2(c)(3).

*Id.* at 27, 539 S.E.2d at 23.

Based upon the holding of *SBA*, respondent was permitted to find that petitioner failed to present a *prima facie* case based upon perceived inadequacies in the methodology of its expert. We are bound by this ruling. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).

We must therefore affirm the ruling of the trial court.

### III.  Conclusion

Petitioner met its burden to make out a *prima facie* case of two of the three general findings at issue in this case. However, we are bound by our decision in *SBA*, and hold that petitioner failed to make a *prima facie* showing that the proposed use would not substantially injure the value of adjoining properties. The judgment of the trial court is affirmed.

AFFIRMED.

Judges ERVIN and BEASLEY concur.