HUMANE SOCIETY OF MOORE COUNTY, INC. PETITIONER v. TOWN OF SOUTHERN
PINES AND THE SOUTHERN PINES TOWN COUNCIL, RESPONDENTS

No. COA03-77

(Filed 16 December 2003)

**1. Zoning— conditional use permit—humane society veterinary clinic—insufficient evidence for denial**

The denial of a conditional use permit for a humane society veterinary clinic was not based on competent, substantial, and material evidence where the town council found that the principal use of the facility was for an animal shelter and adoption facility, but there was no evidence that such an activity would be the primary use of the facility.

**2. Zoning— conditional use permit—humane society veterinary clinic—road access or street frontage**

An application for a conditional use permit for a humane society veterinary clinic satisfied zoning requirements for access by providing an access easement from a public road. The proposed development did not create a subdivision, as the Town found, which would have required that the lot front a public street or approved private street.

**3. Zoning— conditional use permit—damage to adjoining property—evidence speculative**

There was no competent, material evidence justifying the denial of a conditional use permit for a humane shelter veterinary clinic because it would injure adjoining property. Evidence thereto was speculative.

**4. Zoning— conditional use permit—humane society veterinary clinic—town ordered to issue**

It was not improper for the trial court to order issuance of a conditional use permit for a humane society veterinary clinic. Such rulings have been repeatedly upheld; moreover, the Town

had the opportunity to consider conditions to the permit and the Humane Society had consented to restrictions on its use.

Appeal by respondents from judgment entered 10 October 2002 by Judge Russell G. Walker, Jr. in Moore County Superior Court. Heard in the Court of Appeals 29 October 2003.

*Adams Kleemeier Hagan Hannah & Fouts, PLLC, by M. Jay DeVaney and Edward P. Lord, for petitioner.*

*Gill & Tobias, LLP, by Douglas R. Gill, for respondents.*

MARTIN, Judge.

In November 1999, the Humane Society of Moore County ("Humane Society") submitted an application to the Town of Southern Pines ("Town") for a Conditional Use Permit for a "Community Animal Welfare and Activity Center" to be built upon a 12.5 acre property, which the Humane Society had an option to purchase. The property is zoned "Planned Development," a mixed use zoning which permits commercial land use. Among the permissible uses, according to the Town's Unified Development Ordinance ("UDO"), is "Veterinarian, Animal Clinic, Outside Kennel."

Prior to an initial hearing before the Town's Planning Board, the Humane Society received the comments and the recommendation of the Planning Director and amended the application to a proposed use as a "Humane Society Veterinary Clinic." As reason for the change, the Humane Society said that in addition to the Town objecting that the original proposed use did not fall within a permissible use category, the Humane Society had canceled their shelter contract with Moore County and would no longer be housing stray animals.

Pursuant to the Town's zoning ordinance, an application for a conditional use permit is processed in two phases. In the first phase, the Town considers whether the proposed use meets with the requirements of the UDO, Section 54(c), which states that subject to subsection (d), the Town:

shall issue the requested permit unless it concludes based upon the information submitted at the hearing, that:

1. The requested permit is not within its jurisdiction according to the table of permissible uses; or

2. The application is incomplete; or

3. If completed as proposed in the application the development will not comply with one or more requirements of this chapter.

If the application complies with Section 54(c), a second phase occurs in which the Town may still deny the permit under subsection 54(d) of the UDO

if it concludes, based upon the information submitted at the hearing, that if completed as proposed, the development, more probably than not:

1. Will materially endanger the public health or safety; or

2. Will substantially injure the value of adjoining or abutting property; or

3. Will not be in harmony with the area in which it is to be located; or

4. Will not be in general conformity with the land use plan, thoroughfare plan, or other plan officially adopted by the council.

At its 19 April 2000 hearing, the Planning Board, over objections by the Town, voted unanimously to consider the amended application, rather than the first application, and recommended approval of the amended application subject to petitioner meeting street and sewer standards. However, the Town Council, at its 9 May 2000 meeting, denied the petitioner the right to be heard on the amended application, reasoning that the public did not have sufficient notice of the new proposed use. The council, at the request of the petitioner, considered the use proposed in the original application and after discussion, denied the conditional use permit because the proposed use was not a permitted use in the UDO. Since the council concluded the application did not meet the requirements of Section 54(c)(1) of the UDO, it never considered Section 54(d) factors.

The Humane Society filed a Petition for Writ of Certiorari and Complaint in superior court on 8 June 2000, requesting an order reversing the Town Council's decision on the amended application and asking the Court to require the Town to grant and issue the conditional use permit for the amended application. On 15 September 2000, the superior court issued an order finding as a matter of law that the Town Council should have considered the amended application and that the use proposed in the amended

application was a permissible use within the scope of the Table of Permissible Uses in the UDO.

The Town appealed the order to this Court, which dismissed the appeal as interlocutory. *Humane Soc'y of Moore County, Inc. v. Town of Southern Pines*, 146 N.C. App. 110, 553 S.E.2d 247 (2001). The Town then held a public hearing on the amended application on 13 November 2001. On 11 December 2001, the Town Council voted unanimously to deny the application, finding as fact, *inter alia*, that the proposed facility was principally an animal shelter with incidental use for education and care of animals. It concluded as matters of law, *inter alia*, that (1) although the use of a veterinary clinic was a permitted conditional use within the PD district, an animal shelter or boarding kennel was not a permitted use, (2) the proposed development would, more probably than not, substantially injure the value of adjoining property and would not be in harmony with the surrounding area, and (3) the access easement did not meet the requirement of frontage on a public street or approved private street. In addition, the council concluded that the proposed development did not create a subdivision.

The Humane Society again sought review by the superior court of the Town's decision, alleging the decision was arbitrary and capricious and not supported by competent, material, and substantial evidence. On 3 September 2002, the superior court ruled that the Town's decision was arbitrary and capricious and not supported by competent, substantial evidence. The superior court remanded the matter to the Town Council with an order to issue the conditional use permit. Respondents appeal.

---

I.

[1] Respondents first argue that the trial court erred in finding that denial of the conditional use permit was arbitrary and capricious and not supported by competent, material, and substantial evidence. When the superior court reviews the decision of a town council, the court should:

(1) review the record for errors of law, (2) ensure that procedures specified by law in both statute and ordinance are followed, (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in

the whole record; and (5) ensure that the decision is not arbitrary and capricious.

*Whiteco Outdoor Adver. v. Johnson County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999). The task of this Court in reviewing a superior court order is "(1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review." *Id.* When a party alleges an error of law in the Council's decision, the reviewing court examines the record *de novo*, considering the matter anew. *Id.* at 470, 513 S.E.2d at 74. However, when the party alleges that the decision is arbitrary and capricious or unsupported by substantial competent evidence, the court reviews the whole record. *Id.* at 468, 513 S.E.2d at 73. "Denial of a conditional use permit must be based upon findings which are supported by competent, material, and substantial evidence appearing in the record." *Howard v. City of Kinston*, 148 N.C. App. 238, 246, 558 S.E.2d 221, 227 (2002).

The superior court found, "upon review of the record," that the decision of the Town Council was not supported by competent, material, and substantial evidence and the decision was arbitrary and capricious. Thus, the court applied the proper scope of review, the whole record test, examining all the evidence in the record to determine if there was substantial evidence to support the Town Council's findings and conclusions. *Sun Suite Holdings, LLC v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 273, 533 S.E.2d 525, 528 (2000), *disc. review denied*, 353 N.C. 280, 546 S.E.2d 397. Next, we must determine if the trial court correctly applied the scope of review.

Respondents first contend denial of the permit was proper because the facility will be used primarily as an animal shelter, which is not a permitted use, rather than a veterinary clinic. When an applicant produces competent, material, and substantial evidence of compliance with the requirements of a zoning ordinance, he has established a prima facie case of entitlement to approval of the application. *Humble Oil & Ref. Co. v. Bd. of Aldermen*, 284 N.C. 458, 468, 202 S.E.2d 129, 136 (1974). However, an application may be denied if there are "findings contra which are supported by competent, material, and substantial evidence appearing in the record." *Id.* "Substantial evidence is 'evidence a reasonable mind might accept as adequate to support a conclusion.'" *Whiteco*, 132 N.C. App. 465, 468, 513 S.E.2d at 73 (citation omitted).

In its initial review of this matter, the superior court determined as a matter of law that the proposed use, as a "Humane Society Veterinary Clinic," was a permissible use within the scope of the Table of Permissible Uses in the Southern Pines UDO. Additionally, the Town Council found, as findings of fact, that the following services would be provided at the facility: vaccination of animals, treatment of animal diseases, lab testing and analysis, x-rays, spay and neutering services, euthanasia for animals, adoption and shelter services, and educational services. Since uses common to a veterinarian clinic were established, and "Veterinarian, Animal Clinic, Outside Kennel" was listed as a permitted use in UDO § 12.000, the Humane Society presented a prima facie case of entitlement on the issue of whether the proposed use was a permitted use. Thus, the application can be denied only if there are findings contra which are supported by competent, substantial, and material evidence.

The Town Council found that the principal use of the facility was for an animal shelter and adoption facility. Though petitioner acknowledges that it will operate an adoption center at the facility among other functions, there is no evidence in the record that such an activity will be the primary use of the facility. Since there was not substantial evidence to show that petitioner does not meet the requirements of the ordinance, the denial of the permit was not based on competent, substantial, and material evidence.

[2] Next, respondents argue that the requirements for a conditional use permit have not been met because the lot does not front a public or approved private street as required by UDO § 211. Respondents rely upon UDO § 211 and § 220 for the street frontage requirement, which apply only to subdivisions. However, in its conclusions of law, the Town Council found that the proposed development did not create a subdivision. The applicable section of the UDO is Section 221— "Road and Sidewalk Requirements in *Unsubdivided Developments*" (emphasis added)—which states that "all private roads and access ways shall be designed and constructed to facilitate the safe and convenient movement of motor vehicle and pedestrian traffic." Petitioner satisfied the requirements of Section 221 by providing an access easement from a public road.

[3] Respondents assert that even if the proposed use of the property were a permitted use, the Town Council was still justified in denying the conditional use permit, finding under Phase II, Section 54(d), of the UDO, that the development would substantially injure the value of the adjoining and abutting property. Pursuant to Section 55(c) of

the UDO, the burden of persuasion on the issue of whether the permit should be denied under Section 54(d) rests on respondents. After careful review of the record, we conclude there was not competent, material evidence that justified denial of the permit.

Respondents' expert, Mr. Andy Hinds, an appraiser, admitted that after an extensive effort to locate materials addressing the effects of an animal care facility on an adjoining development, he was unable to find any information. Instead, Mr. Hinds developed seven case studies based on inquiries of appraisers, assessors, brokers, and developers in the state. In case study number one, where the tax value of property in Guilford County was affected by barking dogs on a neighboring lot, Mr. Hinds was unable to determine a quantifiable impact on value because there were several other factors that contributed to the reduced value.

In case study numbers two, three and six, Mr. Hinds used matched-pair lot comparisons for lots located near a railroad line, a power line and a waste water treatment plant to develop a correlation between the reduction of value from these influences and the reduction in value from an animal care facility. Case study number four, also conducted with matched-pairs lots, demonstrated the additional marketing time needed for sales of homes located close to a railroad. Evidence of the reduced value of lots and evidence of additional marketing time from these particular influences have no correlation with effects from an animal care facility and cannot be considered competent, material evidence.

Mr. Hinds, in case study number five, contacted operators of kennels in Moore County and Guilford County to determine the distance they would recommend a kennel be built from a residential development. However, these recommendations were simply the opinions of kennel operators and the evidence cannot be considered material, competent evidence. Speculative opinions that merely assert generalized fears about the effects of granting a conditional use permit for development are not considered substantial evidence to support the findings of a Town Council. *Howard,* 148 N.C. App. at 246, 558 S.E.2d at 227.

For case study number seven, Mr. Hinds surveyed residents within the Forest Hills subdivision asking them if the proposed location of the Humane Society facility would have affected their decision to purchase their home. In addition to the fact that the survey was flawed because it stated there would be one hundred sixty kennels,

rather than the thirty to forty proposed, the survey cannot be used as competent, material evidence as the answers are simply speculative comments from neighborhood residents. As Mr. Hinds' testimony was the only testimony presented by respondents on the issue of whether the animal care facility would substantially reduce the value of adjoining and abutting property, the Town Council's denial of the conditional use permit on that basis was not supported by competent, material, and substantial evidence and cannot be upheld.

Respondents also contend the proposed facility is not in harmony with the surrounding area. "The inclusion of a use as a conditional use in a particular zoning district establishes a prima facie case that the permitted use is in harmony with the general zoning plan." *Vulcan Materials Co. v. Guilford County Bd. of Comm'rs*, 115 N.C. App. 319, 324, 444 S.E.2d 639, 643 (1994). However, "conclusions unsupported by factual data or background, are incompetent and insufficient to support the [Council's] findings." *Piney Mt. Neighborhood Assoc. v. Town of Chapel Hill*, 63 N.C. App. 244, 253, 304 S.E.2d 251, 256 (1983). Accordingly, competent evidence is required to prove that the permitted use is not in harmony with the surrounding area in order to deny the application on that basis.

The O'Neal School and Sandhills Community College presented the testimony of Robert Stanley Hayter, a landscape architect, that the noises and smells from the proposed facility would produce an undesired awareness of the facility. However, he presented no evidence that petitioner's current facility produces unwanted smells that disturb the area surrounding it and therefore the evidence is speculative. The proposed facility would be located close to the Moore County Airport, which has commercial and general aviation flights each day, so noise is already present in the area. Furthermore, upon cross-examination, it became evident that Mr. Hayter considered whether the facility would be in harmony with the developments to the west, the O'Neal School, the Forest Creek subdivision and the Sandhills Community College, but did not consider whether the facility would be in harmony with the whole area.

The owner and developer of Forest Creek subdivision presented testimony of another landscape architect, Karen Ruscher. She, too, testified regarding noise and smells from the facility but failed to provide any evidence to substantiate her allegations. Although she did not believe the facility would be in harmony with Forest Creek, she admitted it would be in harmony with the airport, the mini-storage warehouse, and the Whispering Pines Animal Hospital.

The Town Council improperly denied the conditional use permit on the basis of Section 54(d) of the UDO because the evidence with respect thereto was only upon speculative and opinion evidence.

## II.

**[4]** Respondent next argues that by ordering the Town Council to issue the conditional use permit, the court deprived the Town Council of its right to attach conditions to the permit. Decisions by the North Carolina Court of Appeals have regularly upheld rulings of the trial court that remanded a case to the town for issuance of a conditional use permit. *See Clark v. City of Asheboro*, 136 N.C. App. 114, 524 S.E.2d 46 (1999); *Sun Suites Holdings*, 139 N.C. App. at 280, 533 S.E.2d at 532. Moreover, after the initial remand of the case to the Town Council for consideration of the amended application, respondents had an opportunity to consider conditions on the permit. The Humane Society consented to additional restrictions in connection with the proposed use, including limiting the number of outside kennels to forty and designing the building to include an interior courtyard to minimize noise and visibility to other properties. In addition, in its conclusions of law following the 11 December 2001 meeting, the Town Council pointed out that in order to conform to the Town's sewer plan, modifications should be made. We therefore hold that it was not improper for the trial court to order the issuance of the conditional use permit.

## III.

Because we affirm the superior court's decision that the Town Council acted arbitrarily and capriciously in denying the conditional use permit, we need not address Petitioner's cross assignment of error.

Affirmed.

Judges HUDSON and STEELMAN concur.