MARK BLEVINS D/B/A RAINBOW RECYCLING, Petitioner,
v.
TOWN OF WEST JEFFERSON and TOWN OF WEST JEFFERSON BOARD OF ADJUSTMENT, Respondents.
No. COA06-930-2
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Kilby & Hurley Attorneys, by John T. Kilby, for petitioner-appellee.
Vannoy & Reeves, PLLC, by Jimmy D. Reeves and John Benjamin "Jak" Reeves, for respondents-appellants.
TYSON, Judge.
This Court initially reviewed the Town of West Jefferson's and Town of West Jefferson Board of Adjustment's (collectively, "respondents") appeal from an order entered, which reversed respondents' decision. A divided panel of this Court dismissed respondents' appeal based on respondents': (1) failure to include in the record on appeal a notice of appeal from the superior court's order; (2) failure to show the purported notice of appeal was either filed with or stamped by the clerk of superior court; and (3) failure to include in the record on appeal any certification to show respondents served a copy of the purported notice of appeal on Mark Blevins d/b/a Rainbow Recycling ("petitioner"). Blevins v. Town of W. Jefferson, ___ N.C. App. ___, 643 S.E.2d 465 (2007).
Respondents appealed pursuant to N.C. Gen. Stat. § 7A-30(2) (2005). Our Supreme Court remanded this case to this Court to address the merits of respondents' appeal. Blevins v. Town of W. Jefferson, No. 210A07 (N.C. Oct. 12, 2007). See also In re C.T. & B.T., No. 175A07 (N.C. Oct. 12, 2007). After careful review of the merits of respondents' appeal, we affirm.

I. Background
On 26 April 2006, the superior court entered an order reversing the decision of the Town of West Jefferson Board of Adjustment. The superior court concluded: (1) petitioner's "business activity whether a `junkyard' or `recycling facility' is an activity that is both expressly and implicitly allowed under Sections 40.7 and 55.1 of the Town Zoning Ordinance on property that is zoned as M-1 (Manufacturing/Industrial);" and (2) "[i]n light of this ruling the [superior] [c]ourt does not find it necessary to address the other issues raised by the [p]etitioner." Respondents appeal.

II. Issue
Respondents argue the superior court erred by overruling their prior decision affirming the decision of the town manager.

III. Standard of Review
When the superior court reviews the decision of a town council, the court should:
(1) review the record for errors of law, (2) ensure that procedures specified by law in both statute and ordinance are followed, (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.
The task of this Court in reviewing a superior court order is (1) to determine whether the trial court exercised the proper scope of review, and (2) to review whether the trial court correctly applied this scope of review.
Humane Soc'y of Moore Cty., Inc. v. Town of Southern Pines, 161 N.C. App. 625, 628-29, 589 S.E.2d 162, 165 (2003) (internal quotations omitted).

IV. Analysis
In its 26 April 2006 order, the superior court made findings of fact "[a]fter consideration of the entire record . . . ." The superior court "exercised the proper scope of review[] . . . ." by analyzing the whole record. Id. at 629, 589 S.E.2d at 165. We must now determine whether the superior court "correctly applied this scope of review." Id.
In its 26 April 2006 order, the superior court concluded: 1. That the Petitioner's business activity whether a "junkyard" or "recycling facility" is an activity that is both expressly and implicitly allowed under Sections 40.7 and 55.1 of the Town Zoning Ordinance on property that is zoned as M-1 (Manufacturing/Industrial).
Here, the superior court's factual findings are not challenged on appeal and are therefore conclusive. See N.C.R. App. P. 10(a) (2008) ("Except as otherwise provided herein, the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10."); see also Parkwood Assn., Inc. v. City of Durham, 124 N.C. App. 603, 609, 478 S.E.2d 204, 208 (1996) ("Since petitioners did not except or assign error to these findings, they are presumed to be correct and supported by the evidence."), disc. review denied, 345 N.C. 345, 483 S.E.2d 175 (1997). The superior court's conclusion of law and order is supported by its finding of fact numbered 5, which states:
Section 40.7 of the Town Zoning Ordinance specifically states "the existence of a "junkyard" in any zoning district, except M1 Industrial District, shall be deemed a nonconforming use and shall be eliminated not later than three (3) years from the date of the ordinance.
Section 55 of the Town Zoning Ordinance lists various uses allowed on M1 zoned property and while neither a "junkyard" or "recycling facility" is expressly listed in Section 55, that Section does enumerate several allowable uses in M1 districts that would, by their very nature, involve the storage of scrap metal; also, the Petitioner is in the wholesale and warehousing business of recycled materials, which is a type of business that is expressly allowed as a use in an M1 District[] . . . .
(Emphasis in original).
The superior court's unchallenged findings of fact support its conclusions of law. The superior court correctly applied its whole record scope of review and rendered a decision that is supported by the facts and the applicable law.Humane Soc'y of Moore Cty., Inc., 161 N.C. App. at 629, 589 S.E.2d at 165. This assignment of error is overruled.

V. Conclusion
The superior court exercised "the proper scope of review" and "correctly applied this scope of review." Id. The superior court's order is affirmed.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).