IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-1370

 Filed: 19 July 2016

Lincoln County, No. 15 CVS 00384

GARY DELLINGER, VIRGINIA DELLINGER, and TIMOTHY S. DELLINGER,
Petitioners,

 v.

LINCOLN COUNTY, LINCOLN COUNTY BOARD OF COMMISSIONERS, and
STRATA SOLAR, LLC, Respondents,

and

TIMOTHY P. MOONEY, MARTHA McLEAN, and THE SAILVIEW OWNERS
ASSOCIATION, Intervenor Respondents.

 Appeal by petitioners from order entered 17 July 2015 by Judge Yvonne Mims

Evans in Lincoln County Superior Court. Heard in the Court of Appeals 24 May 2016.

 Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Forrest A. Ferrell and Jason
 White, for petitioners-appellants.

 Scarbrough & Scarbrough, PLLC, by James E. Scarbrough and John F.
 Scarbrough, for intervenor respondents-appellees.

 TYSON, Judge.

 Gary Dellinger, Virginia Dellinger, and Timothy S. Dellinger (collectively, “the

Dellingers” or “Petitioners”) appeal from order affirming the decision of the Lincoln

County Board of Commissioners (“the Board”) to deny Strata Solar, LLC’s application

for a conditional use permit. We affirm in part, reverse in part, and remand.
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 I. Factual Background

 The Dellingers own three tracts of real property in Denver, Lincoln County,

North Carolina, which total approximately fifty-four acres. In May 2013, the

Dellingers contracted with Strata Solar, LLC (“Strata Solar”) for it to lease a portion

of their property for the installation and operation of a solar energy facility. The

Dellingers’ property was zoned for residential-single family use (“R-SF”) under the

Lincoln County Unified Development Ordinance (“the Ordinance”). The properties

directly adjoining or abutting the Dellingers’ property are zoned as planned

development-residential (“PD-R”) and general industrial (“I-G”).

 The Ordinance schedules the operation of a solar energy farm as a permitted

use on properties with this zoning classification, upon application for a conditional

use permit. According to the Ordinance, an applicant for a conditional use permit

must meet four conditions:

 (1) The use will not materially endanger the public health
 or safety if located where proposed and developed
 according to the plan;

 (2) The use meets all required conditions and
 specifications;

 (3) The use will not substantially injure the value of
 adjoining or abutting property unless the use is a public
 necessity; and

 (4) The location and character of the use, if developed
 according to the plan as submitted and approved, will be in
 harmony with the area in which it is to be located and will

 -2-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 be in general conformity with the approved Land
 Development Plan for the area in question.

 On 23 July 2013, Strata Solar filed its conditional use permit application to

construct a solar energy facility on a 35.25-acre portion of the land owned by the

Dellingers. Strata Solar presented evidence in support of its application to the

Lincoln County Planning Board during quasi-judicial hearings conducted on 9

September and 25 November 2013. The Lincoln County Planning Director reviewed

the application, found it satisfied the four conditions, and recommended issuance of

the permit. The Lincoln County Planning Board voted 4-4 on its recommendation to

the Board of Commissioners for the conditional use permit.

 On 2 December and 16 December 2013, the Board of Commissioners held

quasi-judicial hearings for consideration of and a final determination on Strata

Solar’s application. One commissioner recused himself from the vote. Twenty-four

witnesses testified at the 2 December hearing.

 The hearing resumed on 16 December, and after the testimony and evidence

was presented, the Board of Commissioners voted 3 to 1 to deny Strata Solar’s

application. The Board concluded Strata Solar had met the first two conditions in

order to issue the conditional use permit. However, the Board voted against Strata

Solar’s application on not meeting the third and fourth conditions: (3) “[t]he use will

not substantially injure the value of adjoining or abutting property unless the use is

a public necessity;” and, (4) “[t]he location and character of the use, if developed

 -3-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

according to the plan as submitted and approved, will be in harmony with the area

in which it is located and will be in general conformity with the approved Land

Development Plan for the area in question.”

 The Dellingers filed a Notice of Appeal and Petition for Writ of Certiorari in

the Lincoln County Superior Court on 17 January 2014. The superior court also

entered an order, which permitted property owners Timothy P. Mooney, George

Gerard Arena, Martha McLean, and the Sailview Owners Association (collectively,

“Intervenors-Respondents”) to intervene in this action. One of the intervenors,

George Gerard Arena, subsequently took a voluntary dismissal and withdrew from

the case, after he sold his residence within the Sailview subdivision during the

pendency of the action. No evidence was presented on the value of, or factors

surrounding, this sale within Sailview.

 On 7 August 2014, the superior court entered an order limiting the Dellingers’

appeal to exclude “matters that could have been raised at the quasi-judicial hearing.”

The superior court concluded:

 The Petitioners, [the Dellingers,] by their failure to
 participate in the quasi-judicial hearing, waived their
 rights on appeal to complain of or object to those issues
 which could have been raised in the quasi-judicial hearing
 such that the scope of review is now limited to whether the
 Lincoln County Board of Commissioners’ decision was
 supported by substantial competent evidence in view of the
 entire record and/or whether the Board’s decision was
 arbitrary or capricious using the “whole record” test.

 -4-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The Dellingers’ appeal was heard on 26 January 2015. The superior court

entered a written order on 25 February 2015, in which the court concluded it was

“unable to determine whether the Board’s decision on the third requirement was

supported or unsupported by substantial competent evidence in view of the entire

record.” The superior court also held “[t]he Board did not make sufficient findings of

fact regarding the third requirement,” and “remand[ed] the matter to the Board for

additional findings of fact regarding its decision to find in the negative as to the third

requirement that ‘the use will not substantially injure the value of adjoining property

unless the use is a public necessity.’”

 The superior court also reversed the Board’s decision concerning Strata Solar’s

compliance with the fourth condition. The superior court concluded: “After reviewing

the entire record, . . . there is not substantial evidence to support the Board’s decision

that the use is not in harmony with the area.” This ruling on Strata Solar’s

compliance with the fourth condition was not appealed from, and is binding upon all

parties.

 Following the superior court’s remand, the matter came before the Board of

Commissioners for the second time on 16 March 2015. No new testimony or

additional evidence was taken. The membership of the Board had changed to include

two new members since the initial decision was rendered on 16 December 2013.

 -5-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The Chair of the Board had originally recused himself, and did so once again.

New Commissioner Beam, the Vice-Chair, also recused himself, against the advice of

the County Attorney, and stated he was not a member of the Board when it issued its

original decision. Commissioner Martin Oakes (“Commissioner Oakes”), another new

member of the Board, stated he had reviewed the entire record of the prior

proceedings and participated in the 16 March vote.

 The Board voted 2 to 1 to deny the conditional use permit application in a

written decision dated 20 March 2015. The Dellingers filed a second Notice of Appeal

and Petition for Writ of Certiorari. The Lincoln County Superior Court issued a

second writ of certiorari on 16 April 2015. The superior court permitted the

Intervenors-Respondents to intervene in the second action by order entered 8 June

2015.

 The Dellingers’ appeal was heard on 26 May 2015. The superior court entered

its Decision on Appeal on 17 July 2015, which affirmed the Board’s denial of the

conditional use permit. The Dellingers gave timely notice of appeal to this Court.

While Lincoln County and its Board of Commissioners are listed as party-defendants,

neither filed a brief on appeal nor was either entity represented during oral

arguments before this Court.

 II. Issues

 -6-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The Dellingers argue the superior court erred by affirming the Board’s decision

because: (1) the application for a conditional use permit was supported by competent,

material, and substantial evidence; (2) the Board erred by allowing Commissioner

Oakes to participate in the hearing and vote, and by requiring an improper burden of

proof; and, (3) the Board’s denial of the conditional use permit was not supported by

competent, material, and substantial evidence.

 III. Standard of Review

 “A legislative body such as the Board, when granting or denying a conditional

use permit, sits as a quasi-judicial body.” Sun Suites Holdings, LLC v. Bd. of

Alderman of Town of Garner, 139 N.C. App. 269, 271, 533 S.E.2d 525, 527, disc.

review denied, 353 N.C. 280, 546 S.E.2d 397 (2000).

 Our Supreme Court has recognized, “[d]ue process requirements mandate that

certain quasi-judicial [land use] decisions comply with all fair trial standards when

they are made.” County of Lancaster v. Mecklenburg Cty., 334 N.C. 496, 506, 434

S.E.2d 604, 611 (1993) (emphasis supplied). In addition to prior notice and an

impartial decision-maker, our Supreme Court has explained these “fair trial

standards” also include “an evidentiary hearing with the right of the parties to offer

evidence; cross-examine adverse witnesses; inspect documents; have sworn

testimony; and have written findings of fact supported by competent, substantial, and

material evidence.” Id. at 507-08, 434 S.E.2d at 612 (citations omitted).

 -7-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The Board’s decisions “shall be subject to review of the superior court in the

nature of certiorari[,]” N.C. Gen. Stat. § 160A-381(c) (2015), in which “the superior

court sits as an appellate court, and not as a trier of facts.” Tate Terrace Realty Inv’rs,

Inc. v. Currituck Cty., 127 N.C. App. 212, 217, 488 S.E.2d 845, 848 (citation omitted),

disc. review denied, 347 N.C. 409, 496 S.E.2d 394 (1997).

 The role of the superior court in reviewing the decision of a Board of

Commissioners, sitting as a quasi-judicial body, has been defined as follows:

 (1) Reviewing the record for errors in law,

 (2) Insuring that procedures specified by law in both
 statute and ordinance are followed,

 (3) Insuring that appropriate due process rights of a
 petitioner are protected including the right to offer
 evidence, cross-examine witnesses, and inspect documents,

 (4) Insuring that decisions of town boards are supported
 by competent, material and substantial evidence in the
 whole record, and

 (5) Insuring that decisions are not arbitrary and
 capricious.

Coastal Ready-Mix Concrete Co., Inc. v. Bd. of Comm’rs of Town of Nags Head, 299

N.C. 620, 626, 265 S.E.2d 379, 383, reh’g denied, 300 N.C. 562, 270 S.E.2d 106 (1980).

 “This Court’s task on review of the superior court’s order is twofold: (1)

determining whether the trial court exercised the appropriate scope of review and, if

appropriate, (2) deciding whether the court did so properly.” SBA, Inc. v. City of

 -8-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

Asheville City Council, 141 N.C. App. 19, 23, 539 S.E.2d 18, 20 (2000) (citations and

internal quotation marks omitted).

 In reviewing the sufficiency and competency of the
 evidence at the appellate level, the question is not whether
 the evidence before the superior court supported that
 court’s order but whether the evidence before the [county]
 board was supportive of its action. In proceedings of this
 nature, the superior court is not the trier of fact. Such is
 the function of the [county] board.

Coastal Ready-Mix, 299 N.C. at 626, 265 S.E.2d at 383.

 When a party alleges the Board of Commissioners’ decision was based upon an

error of law, both the superior court, sitting as an appellate court, and this Court

reviews the matter de novo, considering the matter anew. Humane Soc’y of Moore

Cty., Inc. v. Town of S. Pines, 161 N.C. App. 625, 629, 589 S.E.2d 162, 165 (2003)

(citation omitted).

 When a party challenges the sufficiency of the evidence or when the Board’s

decision is alleged to have been arbitrary and capricious, this Court employs the

whole record test. “The whole record test requires the reviewing court to examine all

competent evidence (the whole record) in order to determine whether the agency

decision is supported by substantial evidence.” SBA, Inc., 141 N.C. App. at 26, 539

S.E.2d at 22 (citations and internal quotation marks omitted). “The reviewing court

should not replace the [Board’s] judgment as between two reasonably conflicting

views; while the record may contain evidence contrary to the findings of the agency,

 -9-
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

this Court may not substitute its judgment for that of the agency.” Id. (citation and

internal quotation marks omitted).

 IV. Analysis

 A. Strata Solar’s Prima Facie Case

 Petitioners first argue the superior court erred by affirming the Board’s

decision and asserts Strata Solar’s application for a conditional use permit was

supported by competent, substantial, and material evidence. We agree.

 Our Supreme Court has stated:

 Zoning regulations are in derogation of common law rights
 and they cannot be construed to include or exclude by
 implication that which is not clearly their express terms.
 It has been held that well-founded doubts as to the
 meaning of obscure provisions of a Zoning Ordinance
 should be resolved in favor of the free use of property.

Yancey v. Heafner, 268 N.C. 263, 266, 150 S.E.2d 440, 443 (1966) (citation and

quotation marks omitted); see also Vance S. Harrington & Co. v. Renner, 236 N.C.

321, 324, 72 S.E.2d 838, 840 (1952) (“Every person owning property has the right to

make any lawful use of it he sees fit, and restrictions sought to be imposed on that

right must be carefully examined . . . .”); Lambeth v. Town of Kure Beach, 157 N.C.

App. 349, 354, 578 S.E.2d 688, 691 (2003) (“Zoning ordinances derogate common law

property rights and must be strictly construed in favor of the free use of property.”).

 “When an applicant for a conditional use permit produces competent, material,

and substantial evidence of compliance with all ordinance requirements, the

 - 10 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

applicant has made a prima facie showing of entitlement to a permit.” Howard v. City

of Kinston, 148 N.C. App. 238, 246, 558 S.E.2d 221, 227 (2002) (citation and internal

quotation marks omitted). Material evidence is “[e]vidence having some logical

connection with the facts of consequence or the issues.” Black’s Law Dictionary 638

(9th ed. 2009). Substantial evidence is “evidence a reasonable mind might accept as

adequate to support a conclusion.” Humane Soc’y of Moore Cty., 161 N.C. App. at 629,

589 S.E.2d at 165 (citation and quotation marks omitted). “It must do more than

create the suspicion of the existence of the fact to be established. It must be enough

to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion

sought to be drawn from it is one of fact for the jury.” Humble Oil & Ref. Co. v. Bd. of

Aldermen, 284 N.C. 458, 471, 202 S.E.2d 129, 137 (1974) (citation, internal quotation

marks, and alterations omitted).

 Our Supreme Court held:

 When an applicant has produced competent, material, and
 substantial evidence tending to establish the existence of
 the facts and conditions which the ordinance requires for
 the issuance of a special use permit, prima facie he is
 entitled to it. A denial of the permit should be based upon
 findings contra which are supported by competent,
 material, and substantial evidence appearing in the record.

Id. at 468, 202 S.E.2d at 136 (citations omitted).

 “[W]hether competent, material and substantial evidence is present in the

record is a conclusion of law.” Clark v. City of Asheboro, 136 N.C. App. 114, 119, 524

S.E.2d 46, 50 (1999) (internal quotation marks omitted). “[W]e review de novo the

 - 11 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

initial issue of whether the evidence presented by [P]etitioner[s] met the requirement

of being competent, material, and substantial. The [county’s] ultimate decision about

how to weigh that evidence is subject to whole record review.” American Towers, Inc.

v. Town of Morrisville, 222 N.C. App. 638, 641, 731 S.E.2d 698, 701 (2012), disc.

review denied, 366 N.C. 603, 743 S.E.2d 189 (2013). See also SBA, Inc. v. City of

Asheville City Council, 141 N.C. App. 19, 23-29, 539 S.E.2d 18, 20-24 (2000)

(determining petitioner did not present sufficient evidence under de novo review and

employing whole record test to find respondent properly weighed the evidence before

it).

 As discussed supra, the Ordinance requires an applicant to meet four

conditions prior to issuance of a permit. In order for Strata Solar to make a prima

facie showing of entitlement to a conditional use permit, it was required to present

competent, substantial, and material evidence to meet the four conditions

enumerated in the Ordinance. There is no dispute on appeal that Strata Solar’s

evidence met Conditions (1), (2), and (4) of the Ordinance. We focus our analysis on

Condition (3).

 We first consider whether Strata Solar made a prima facie showing of

entitlement to a conditional use permit on Condition (3). At the hearings on 2 and 16

December 2013, the Board of Commissioners heard evidence in favor of and against

the application for the conditional use permit for the proposed solar farm.

 - 12 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 Strata Solar produced “evidence that a solar farm would not emit noise, odors,

or generate traffic, things that are considered to affect or reduce value to neighboring

properties.” Strata Solar presented the testimony and report of Richard Kirkland

(“Mr. Kirkland”), a licensed and certified real estate appraiser, who has achieved the

National Appraisal Institute’s highest designation as a Member of the Appraisal

Institute (“MAI”). Mr. Kirkland was tendered and admitted as an expert witness

without objection, and testified the proposed solar farm would be in harmony with

the area and its presence would not substantially injure the value of adjoining or

abutting properties.

 Mr. Kirkland’s testimony was based upon his market review and analysis of

paired and matched sales of real property, which adjoin a solar farm, in order to

determine whether the solar farm’s presence impacted the value of the adjoining or

abutting properties. Mr. Kirkland specifically examined sales of homes in the Spring

Garden subdivision, located in Goldsboro, North Carolina. Mr. Kirkland analyzed

five sales in Spring Garden— two of which had occurred since the announcement of

the solar farm, and three of which occurred after the solar farm was constructed. Of

these five homes, four of them “back up to,” i.e. “adjoin or abut,” the property hosting

the solar farm.

 Mr. Kirkland explained the results of the matched pair data analysis

demonstrated the properties sold for similar prices both before and after the

 - 13 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

construction of the solar farm. Mr. Kirkland stated: “The prices being paid for are

pretty much what the builder is asking.” Based on these results, Mr. Kirkland

testified, in his professional opinion, that proximity to a solar farm did not have a

negative impact upon the value of the adjoining or abutting property.

 Mr. Kirkland acknowledged the average value of homes in Spring Garden are

$220,000.00 to $240,000.00, while the houses located within one mile of Strata Solar’s

proposed solar facility average more than $460,000.00. Mr. Kirkland testified he also

“looked at some property in Chapel Hill,” where a home which was adjacent to a solar

farm was under contract for approximately $750,000.00, within the same price range

of the homes in the Sailview subdivision.

 Strata Solar also submitted into the record evidence the sworn affidavit of Mr.

Kirkland. In his affidavit, Mr. Kirkland attested, in his professional opinion, “the

proposed solar farm will not substantially injure the value of adjoining property and

is in harmony with the area in which it is located.” This expert testimony and

affidavit were not objected to, were properly admitted into evidence, and constitute

competent, material, and substantial evidence to support a prima facie showing of

Strata Solar’s compliance with Condition 3 of the Ordinance and entitlement to the

permit.

 Strata Solar also elicited testimony from Damon Bidencope (“Mr. Bidencope”),

another licensed and certified real estate appraiser, who had also achieved the MAI

 - 14 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

designation. Mr. Bidencope testified the Sailview subdivision was designed and

landscaped to form “an insulated enclave,” which is isolated from other properties

and developments in the area. He also testified the proposed solar facility would

likely not be visible to those traveling on Webbs Road, or by residents or visitors from

within the Sailview subdivision, due to the multiple layers of landscaping and fencing

surrounding the proposed solar farm.

 Mr. Bidencope testified he reviewed seven different solar farms in and around

the area “because we were also trying to look and locate information that showed a

significant or any deleterious effect on properties. We were unable to find it in our

research.”

 The Board found Strata Solar had met its “burden of production” but “found

the evidence unpersuasive.” The Board denied the conditional use permit and

concluded Strata Solar failed to satisfy Condition (3) — that the use would not

substantially injure “the value of adjoining or abutting property.” The Board voted 2

to 1 that Strata Solar had failed to make out its prima facie case under Condition (3).

 The superior court reiterated: “[T]here was not substantial, material and

competent evidence submitted by the Applicant, Strata Solar, to support a conclusion

that issuance of a conditional use permit would not substantially injure the value of

adjoining or abutting property.” In light of the evidence summarized above, we hold

that the superior court erred by upholding the Board’s conclusion that Strata Solar

 - 15 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

failed to present substantial, material, and competent evidence to make a prima facie

showing it was entitled to issuance of the conditional use permit.

 The record shows Strata Solar produced substantial, material, and competent

evidence to establish its prima facie case of entitlement for issuance of the conditional

use permit. We reverse that portion of the superior court’s order, which affirmed the

Board’s decision that Strata Solar had failed to present substantial, material, and

competent evidence to establish a prima facie case of meeting Condition (3) to

warrant issuance of the conditional use permit.

 B. Commissioner Martin Oakes’ Participation and Improper Burden of Proof

 1. Commissioner Oakes’ Participation

 Petitioners argue the Board erred by allowing Commissioner Oakes to

participate in the Board’s vote on remand, because he was not on the Board when it

rendered its original decision to deny issuing Strata Solar’s conditional use permit.

We disagree.

 In Brannock v. Zoning Bd. of Adjustment, 260 N.C. 426, 132 S.E.2d 758 (1963),

the petitioners argued a special use permit was improperly granted because, inter

alia, the membership of the Zoning Board of Adjustment changed between the

original hearing and the final approval of the application. In a per curiam opinion,

our Supreme Court affirmed the grant of the special use permit because “[t]he new

members had access to the minutes and records of the various hearings and the

 - 16 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

required majority participated and joined in all decisions.” Id. at 427, 132 S.E.2d at

759.

 Here, although the addition of two new Board members had changed the

membership composition of the Board from the time of the initial hearings in

December 2013 to the time the Board reviewed the matter on 16 March 2015 after

remand, both new Board members had an opportunity to read and review all of the

evidence previously considered. Commissioner Oakes stated he “reviewed the entire

record of the prior proceedings” before participating in the 16 March vote.

 The change in Board membership composition had no effect upon Petitioners

or Strata Solar’s ability to present its arguments in favor of issuance of the

conditional use permit. See Cox v. Hancock, 160 N.C. App. 473, 483, 586 S.E.2d 500,

507 (2003) (holding “access to the minutes and exhibits from the earlier meeting”

assured petitioners were provided with due process and change in Board membership

had no effect on petitioners’ ability to present arguments).

 Petitioners have failed to show any prejudice by new Commissioner Oakes’

participation in the hearing and vote on remand. See Baker v. Town of Rose Hill, 126

N.C. App. 338, 342, 485 S.E.2d 78, 81 (1997) (holding petitioners failed to show

prejudice where four of five members of Town Board voted in favor of resolution to

issue conditional use permit). This argument is overruled. The superior court’s

ruling on this issue is affirmed.

 - 17 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 2. Improper Burden of Proof

 Petitioners argue an improper burden of proof was imposed and their Due

Process rights were violated because Commissioner Patton stated he was voting

against issuing the permit because the applicant did not prove its case “beyond a

doubt,” and Commissioner Oakes and the Board’s findings of fact stated “[a]lthough

[Strata Solar] did meet its burden of production and provided evidence as to this

element, we found the evidence unpersuasive.” We review this alleged error of law

de novo. Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment, 140 N.C.

App. 99, 102, 535 S.E.2d 415, 417 (2000) (“If a petitioner contends the Board’s decision

was based on an error of law, de novo review is proper.”), aff’d, 354 N.C. 298, 554

S.E.2d 634 (2001).

 The above-mentioned statements were made during the Board’s 16 March

2015 deliberations upon remand from the superior court. The transcript of the 16

March deliberations and the record before us support Petitioners’ argument that the

Board’s decision was based upon holding Strata Solar to an improper burden and

legal standard. The superior court concluded “there were no procedural errors in the

Board of Commissioners’ decision on remand” and Commissioner Patton’s statement

“does not suggest to the Court that he applied the wrong legal standard, but rather

that he merely used a layman’s term.”

 - 18 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 “This Court must examine the trial court’s order for error of law just as with

any other civil case.” Tate Terrace, 127 N.C. App. at 219, 488 S.E.2d at 849 (citation

and internal quotation marks omitted). Based on the evidence presented, the Board

found “the applicant has failed to meet its burden of proof. Although it did meet its

burden of production and provided evidence as to this element, we found the evidence

unpersuasive.” (emphasis supplied).

 In Woodhouse v. Bd. of Comm’rs of Nags Head, 299 N.C. 211, 217, 261 S.E.2d

882, 887 (1980), our Supreme Court noted: “It is well settled [sic] that an applicant

has the initial burden of showing compliance with the standards and conditions

required by the ordinance for the issuance of a conditional use permit.” Our Supreme

Court further stated:

 To hold that an applicant must first anticipate and then
 prove or disprove each and every general consideration
 would impose an intolerable, if not impossible, burden on
 an applicant for a conditional use permit. An applicant
 need not negate every possible objection to the proposed
 use. Furthermore, once an applicant shows that the
 proposed use is permitted under the ordinance and
 presents testimony and evidence which shows that the
 application meets the requirements for a special exception,
 the burden . . . falls upon those who oppose the issuance of
 a special exception.

Id. at 219, 261 S.E.2d at 887-88 (citations and internal quotation marks omitted).

 Commissioner Patton’s reference to holding Strata Solar to a “beyond a doubt”

standard during the deliberations, in addition to Commissioner Oakes stating and

the Board’s order denying Strata Solar’s permit because it “failed to meet its burden

 - 19 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

of proof” tends to show the Board imposed an improper standard or failed to recognize

the requisite burden-shifting to the Intervenors-Respondents after Strata Solar had

made its prima facie case for entitlement. Humble Oil, 284 N.C. at 468, 202 S.E.2d at

136 (citations omitted).

 Once Strata Solar established its prima facie case, the Board’s decision not to

issue the permit must be “based upon findings contra which are supported by

competent, material, and substantial evidence appearing in the record.” Id.

 Here, the Board not only required Strata Solar to meet its burden of production

to make its prima facie case, but one decision-maker apparently imposed a “beyond a

doubt” burden of proof on Strata Solar. The Board also incorrectly implemented a

“burden of persuasion” upon Strata Solar after Strata Solar it presented a prima facie

case, rather than shifting the burden to the Intervenors-Respondents to produce

rebuttal evidence contra to overcome Strata Solar’s entitlement to the conditional use

permit.

 The Board’s requirements are contrary to our Supreme Court’s holdings in

Humble Oil and Woodhouse, and as consistently applied in their progeny. See

Cumulus Broad., LLC v. Hoke Cty. Bd. of Comm’rs, 180 N.C. App. 424, 427, 638

S.E.2d 12, 15-16 (2006) (“When an applicant has produced competent, material, and

substantial evidence tending to establish the existence of the facts and conditions

which the ordinance requires for the issuance of a special use permit, prima facie he

 - 20 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

is entitled to it.” (citation and quotation marks omitted)); Howard, 148 N.C. App. at

246, 558 S.E.2d at 227 (“Once an applicant makes [its prima facie] showing, the

burden . . . falls upon those who oppose the issuance of the permit.” (citation omitted)).

 The superior court’s order is reversed on this issue and remanded to that court

for further remand to the Board for additional quasi-judicial proceedings, utilizing

the proper legal procedures and standards, which hold Strata Solar and Intervenors-

Respondents to their respective burdens of proof. In light of this decision, we need

not address Petitioners’ remaining argument that the Board’s denial of Strata Solar’s

conditional use permit was not supported by competent, substantial, and material

evidence.

 V. Conclusion

 Strata Solar produced substantial, material, and competent evidence to

establish a prima facie case of entitlement to the issuance of a conditional use permit

by Lincoln County.

 Petitioners have failed to carry their burden to show they were prejudiced or

denied Due Process by new Commissioner Oakes’ participation in the Board’s

decision upon remand. Petitioners’ argument that Strata Solar was held to an

improper burden of proof and that the Board failed to shift the burden of proof to the

Intervenors-Respondents is supported by the record.

 - 21 -
 DELLINGER V. LINCOLN CTY.

 Opinion of the Court

 The order of the superior court, which upheld the Board’s denial of Strata

Solar’s application for a conditional use permit, is reversed and remanded with

further instructions to remand to the Board for further proceedings consistent with

this opinion. See N.C. Gen. Stat. § 160A-393(k)(3) (2015), Dobo v. Zoning Bd. of

Adjustment of Wilmington, 149 N.C. App. 701, 712-13, 562 S.E.2d 108, 115-16 (2002)

(Tyson, J., dissenting), rev’d per curiam, 356 N.C. 656, 576 S.E.2d 324 (2003).

 AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

 Judges BRYANT and INMAN concur.

 - 22 -